*Gridley, J.,
 

 after expressing an opinion as to the weakness of the evidence against one of the defendants, proceeded: — Again, I am of opinion, that there were errors in the charge of the judge, for which the verdict should be set aside.
 

 *
 
 qo7 i *1- When there is no dispute about the facts, -* the question of the want of probable cause is for the determination of the court. Where the facts are controverted or doubtful; whether they are
 
 proved,
 
 or not, belongs to the jury to decide, or, in other words, whether the circumstances alleged are
 
 true,
 
 is a question of fact; but, if
 
 true,
 
 whether they amount to probable cause, is for the court.
 
 (Baldwin
 
 v.
 
 Weed,
 
 17 Wend. 227; 1 T. R. 542; 2 Wend. 424;
 
 McCormick
 
 v.
 
 Sisson,
 
 7 Cowen 715;
 
 Pangburn
 
 v.
 
 Bull,
 
 1 Wend. 345.) And when the judge ought to have nonsuited the plaintiff, for -the failure to prove a want of probable cause, a new trial will be granted. (7 Cowen 715; 2 Wend. 424; 1 Id. 140.)
 

 The following cases will show, with how much precision the respective duties of the court and jury are laid down and enforced in England. It was there held, in a recent case, that though the question of probable cause depends not upon a few and simple facts, but upon facts that are numerous and complicated, and upon numerous and complicated inferences to be drawn from them,' it is the duty of the judge to
 
 inform
 
 the jury, that if they find the facts to be proved, and the inferences to be warranted by such facts, that the same
 
 do,
 
 or
 
 do not,
 
 amount to probable cause, so as thereby to leave the question of fact to the jury,
 
 and the abstraed question of law to the judge. (Panton
 
 v.
 
 Williams,
 
 1 Gale & Davidson 504; s. c. 2 Ad. & E., N. S., 169.)
 

 
 *371
 
 In the case before the court, the defendants’ counsel made a strenuous effort to induce the judge to perform the duty which the law has assigned to him, but without effect. The 5th proposition submitted by the defendants’ counsel, and which the judge was requested to charge, affirmed, that if the jury were satisfied of the honest belief and understanding of the defendant on the point,
 
 that the plaintiff testified that he had no interest in the suit
 
 in the common pleas; then,
 
 the other facts and circumstances proved in evidence, did not establish the want of probable cause.
 
 To this the judge charged, that it was for
 
 the jury to determine, “ whether those circumstances proved in evidence do, or do not, establish a want of probable cause.”
 
 Again the 7th proposition, which the judge was requested to charge, asserts,
 
 that the plaintiff had
 
 [*388
 
 failed to show the want of probable cause
 
 — to which the judge responds: “This, I say, is for the jury.”
 

 These two instructions to the jury are clearly erroneous, and there is, in a subsequent part of the case, a distinct exception to these decisions. The jury are told, that it is their province to determine, whether the
 
 facts and circumstances proved in evidence,
 
 do, or do not, establish the want of probable cause. The judge does not decide whether these facts and circumstances are sufficient, or not, provided the jury believe them to be proved, but leaves the whole matter to the determination of the jury. If the judge had supposed, that the truth of the facts, as sworn to, admitted of a doubt, he should have expressed his opinion on the law arising upon those facts, if proved, and then submitted to the jury the question whether they were credibly proved, or not.
 

 It is admitted, in the opinion of the superior court, which has been furnished us, that this part of the charge was erroneous; but it is said, that it should be taken in connection with the residue of the charge, which placed the question right before the jury. I do not so read the residue of the charge. I do not think, that a palpably
 
 *372
 
 erroneous instruction, in the outset, was likely to he corrected by anything the judge said
 
 in favor of the defendant,
 
 afterwards. The judge did, indeed, give an abstract definition of probable cause; and then indulged in an obviously unfavorable commentary towards the defendants, upon the credibility of some of the facts which were proved by them. ■ Now, the greater part of those facts were in writing, under the hand of the plaintiff, or' were undisputed by the plaintiff’s counsel. For instance, on the 9th of June (the day after the verdict against Keteltas in the common pleas was rendered), the plaintiff gave notice to Mr. Smith, that he had an irrevocable power of attorney from Bradley to settle the suit, and to receive all moneys that might be coming due from it, and that if Keteltas settled with any other person than himself, he would have to pay the verdict over again; and this was after he had paid Mr. Sandford twenty-five dollars for his services on the trial of the cause. On the 8th of June, he served a notice, * qqq i *stating that he was
 
 specially
 
 authorized to receive J the verdict, and that
 
 his costs and counsel fees
 
 were unpaid, and that no one but himself had a right to receive the money on the verdict. Again he told Brush, as Brush swears, on the 8th of June, that he had an assignment of the judgment to be rendered, or an irrevocable power of attorney to receive the verdict.
 

 Now, whether Brush and Keteltas were mistaken or not as to the assignment; it is very clear, that the defendants were entitled to an opinion of the court, whether a man who had advanced twenty-five dollars as a counsel fee for his client, and had not been paid any of his costs and counsel fees in the suit, and at the same time, held an irrevocable power of attorney to receive the verdict,
 
 had,
 
 or
 
 had not,
 
 an interest in the suit; and whether, the existence of these
 
 undisputed facts,
 
 did not amount to probable cause for the prosecution. The cases of
 
 Eagar v. Dyott
 
 (5 C. & P. 4),
 
 Wilmarth
 
 v.
 
 Mountford
 
 (4 Wash.
 
 *373
 
 C. C. 79), and
 
 Baldwin
 
 v.
 
 Weed
 
 (17 Wend. 224) are strong authorities to show that they did; but, at all events, the defendants were entitled to the opinion of the court upon that point; and they were also entitled to the opinion of the court, whether the whole facts, relied on by the defendants, if those facts were believed by the jury, would constitute proof of probable cause.
 

 There are several other topics discussed in the charge, in relation to which the opinion and commentary of the judge were either erroneous in point of law, or in relation to the
 
 legal results
 
 of the evidence, and
 
 were calculated to mislead the jury,
 
 but it is unnecessary to specify them, as there must be a new trial upon the point already considered.
 

 Judgment reversed, and new trial awarded.
 
 [1]
 

 Johnson, J., dissented, on the ground that the exception was not sufficiently specific to raise the point discussed.
 

 [1]
 

 This case shows the propriety of an inflexible adherence to the rule, that probable cause is a question of law for the court. The suit was originally brought against Eugene Keteltas, William A. Keteltas, Bainbridge Smith and James H. Brush; the two latter had been counsel for the defendant, Eugene Keteltas, in an action against him, for assault and battery, tried in the court of common pleas ; the plaintiff, Lucius E. Bulkeley, represented the-plaintiff in that suit; and was examined as a witness for his client, after swearing that he had no interest in the event of the suit. He was indicted for perjury, based on such oath; and having been acquitted, brought this action for malicious prosecution. On the first trial, there was a verdict for the plaintiff, for $3750, against Eugene Keteltas, Smith and Brush, and in favor of the defendant, William A. Keteltas. On the hearing of this appeal, Judge Gbideey expressed the opinion, that there was no evidence to connect Eugene Keteltas with the criminal prosecution; and, accordingly, on a second trial, there was a verdict in his favor; but as to the defendants, Smith and Brush, the jury severed in their verdict, giving $2500 damages against Smith, and $500 damages against Brush. The plaintiff, thereupon, entered a remittitur as to the $500 damages assessed against Brush, and entered up judgment for $2500 and costs, against both defendants. This judgment, however, was reversed at general term, on the ground, that the facts proved did amount to probable cause, and that the court ought so to have instructed the jury. (See 2 Duer 261.)