## HAUPT *a.* POHLMANN.

*New York Superior Court; General Term, July,* 1863.

MALICIOUS PROSECUTION.—PROBABLE CAUSE.—COMMITMENT BY MAGISTRATE.—INSTRUCTIONS TO JURY.—TRIAL.*—EXCESSIVE VERDICT.

A judge at the trial is not bound, without the request of parties, to give any instructions to the jury ; and the latter are presumed to be acquainted with all the rules of law, in regard to which the parties do not require them to be instructed, or the court does not instruct them.

---

* In HECKER *a.* HOPKINS (*New York Common Pleas; Circuit,* 1858), it was *Held,* that, on the trial of an action to recover unliquidated damages for personal injuries, the plaintiff has the affirmative, even though by the pleadings the wrongful act charged is admitted.

This was a ruling at circuit. The action was for libel. The defendant's answer admitted the publication of the libel as alleged in the complaint, and set up matter in justification.

The cause came on for trial before his honor, Judge Daly, and a jury. The question was raised as to who had the right to begin. The defendant's counsel claimed the affirmative, on the ground that, under the pleadings, the allegations of the complaint as to the publication being admitted, the justification was the only matter to be proved. The plaintiff's counsel claimed the affirmative, on the ground that the damages were unliquidated, and cited 1 *Greenl. Ev.,* 76, and cases there cited, and the case of Fry *a.* Bennett (tried in the New York Superior Court), —in which it appeared, from the papers produced, that Chief Justice Oakley had given the plaintiff the right to begin, although the answer in that case admitted the publication.

*J. Neilson* and *David Dudley Field,* for the plaintiff.

*Hoffman & Pirson* and *John Anthon,* for the defendant.

DALY, J. (orally).—The plaintiff is entitled to the affirmative. There is a distinction in this respect between the case of an action for liquidated damages and an action for unliquidated damages. Where the plaintiff's claim is liquidated, as in the case of an action on a promissory note, admitting the making of an instru-

Conclusive evidence means either a presumption of law, or else evidence so strong as to overbear all other in the case to the contrary.

In an action for malicious prosecution in arresting the plaintiff for felony, the fact that the plaintiff was, on the hearing, committed by the magistrate to await the action of the grand jury, is not conclusive evidence of probable cause.

Although, in an action for malicious prosecution, want of probable cause is a question of law, yet the question may properly be passed upon by the jury, in the absence of any request to the judge to instruct them as to the law.*

---

ment necessarily concedes the amount of damages recoverable. But in such a case as this, where the damages are unliquidated, plaintiff's counsel must be heard as to the amount of damages, although the commission of the act is admitted as alleged in the complaint. It must now be regarded as well settled, that in actions for personal injuries, where the wrongful act charged is not denied, or is expressly admitted by the answer, the plaintiff has the affirmative, although in actions upon contract or for unliquidated damages the rule is otherwise.

\* In SIMPSON *a.* McARTHUR (*New York Common Pleas; Special Term, May,* 1858), it was *Held*, that since want of probable cause must be shown by the plaintiff, and was put in issue by the general issue under the common-law practice, the defendant, in an action under the Code, need not set forth in his answer the facts he relies on to prove probable cause, but may give them in evidence under a general denial; and that if he does set forth such facts, the matter may be struck from his answer upon the plaintiff's motion.

Motion to strike out part of an answer.

*Henry Brewster*, for the motion.

*Moses Ely*, opposed.

BRADY, J.—In an action for a malicious indictment, or arrest in a civil action, the defendant may show under the general issue that there was sufficient or probable cause for the proceeding complained of (1 *Chit. Pl.*, 527, ed. 1833); and this plea, it is there said, is now the more usual, though formerly a special plea was adopted.

It is said, also, in Bridge *a.* Parsons (5 *Sandf.*, 217): "What was a defence before the Code is still a defence, except in instances where the Code itself has altered the law;" and it may be added, I think, with great propriety, that what was put in issue by the plea of the general issue under the old system is also put in issue by a general denial under the Code. Section 149 provides, first, for a general denial, and, secondly, for a statement of any new matter constituting a defence or counter-claim; and there are no provisions limiting the evidence to be given under a general denial. The question of want of probable cause is one for the court on the proofs adduced (Buckley *a.* Keteltas, 6 *N. Y.*, 387); and in the first instance the plaintiff must show that there was no probable cause. When the facts are disputed, the jury are to determine whether the alleged circumstances are true; but, if true, whether they amount to probable cause or not is for the court to determine.

Any matter of defence, which denies what the plaintiff is bound to prove in the first instance, on the general issue, or be nonsuited, ought not to be pleaded specially, but should be given in evidence under the general issue. (Bank of Auburn *a.* Weed, 19 *Johns.*, 300.)

Haupt *a.* Pohlmann.

A refusal to nonsuit will be sustained on appeal, if it appears that there was finally in the case sufficient evidence to be submitted to the jury.

In an action for malicious prosecution, the plaintiff must show want of probable cause; but slighter evidence is sufficient for this purpose than is necessary to establish an affirmative.

What constitutes sufficient probable cause to justify a prosecution for larceny.

Appeal from a judgment.

This action was brought by August Haupt against Hermann F. Pohlmann, to recover $10,000 damages for malicious prosecution and imprisonment. The complaint alleged a malicious prosecution of the plaintiff by the defendant, in charging him with grand larceny and embezzlement; the arrest, examination, and commitment, and the discharge of the plaintiff, the grand jury having refused to return a true bill. The answer denied want of probable cause and malice, and averred that the defendant acted upon probable cause and advice of counsel.

When the plaintiff rested his case, it appeared that he was superintendent of defendant's laundry up to the 18th day of

In an action on the case under the general issue, whatever will, in justice and conscience, according to the circumstances, mitigate or bar the claim, may be received in evidence. (*Grah. Pr.*, 199, 1 ed.; 1 *Burrill's Pr.*, 167, 2 ed.)

Mitigating facts and circumstances may, in actions of libel and slander, under the Code, be set forth in the answer; but there is no provision requiring or allowing it in other actions *ex delicto*.

The defendant in this action has detailed the facts and circumstances in his answer upon which he predicated the arrest complained of, and the plaintiff objects to it as improperly pleaded. I think it subject to objection for several reasons, one of which is, that it is in form pleading the evidence of a fact which is not tolerated, the rule being that facts, and not the evidence of them, must be pleaded.

It may be, that on principle it is the best or at least the fairest method of pleading, because it advises the plaintiff of the facts and circumstances against which he will have to contend, and thus enable him the more amply to prepare his case. If he object to it, however, on well-established principles and precedents of pleading, it should not be put upon the record. It is, in effect, a restatement of what forms the issue in the cause; and, as we have seen, the defendant may prove all that he would thus set up bearing on such issue under his general denial, and may also give in evidence mitigating facts and circumstances on the question of damages if the plaintiff succeed in the main issue. For these reasons, I think the matter objected to should be stricken out. There is nothing in the case of Hall *a.* Suydam (6 *Barb.*, 83) adverse to this view. There was no question on the pleadings presented in that case, and the facts detailed show, I think, that the rules herein stated were observed.

The answer reformed may be served in ten days. Ten dollars costs of this motion to abide event.

July, 1860; that he received and collected about $150 without the knowledge of the defendant, and without rendering any account therefor; that on the 18th of July he left the employ of the defendant; that he took a pass-book of a Mrs. Van Houten with him when he left, which contained the items of moneys paid to him by her, all of which became first known to the defendant after the plaintiff had left; the plaintiff did not claim that he was authorized to retain these sums. Nothing was shown on the part of the plaintiff to explain the deficiency in a number of shirts intrusted to him, or to show that the defendant had no reasonable grounds of believing that plaintiff had taken the missing shirts. A motion made by the defendant to dismiss the complaint was denied, and exception taken. On the part of the defendant, it was shown that the plaintiff received a lot of shirts from defendant's customers; after the plaintiff had left, the defendant and Weilder examined their account of shirts delivered and received, and found a deficiency of about twenty dozen, for which the defendant paid $157. There was evidence that the plaintiff's reputation for truth and veracity was bad. The defendant testifies that he had received no notice of plaintiff's intention to leave; found his clock and shawl in plaintiff's possession, up town; never saw a book of account of money collected by plaintiff, and did not know that he had received money from Mrs. Van Houten, but ascertained this fact about six days after the plaintiff had left; that he acted upon the advice of counsel in making the charge. On a former occasion, when two shirts were missing, the forewoman told defendant that they had been delivered to plaintiff, who returned them afterwards, after they had been worn.

The plaintiff called several witnesses to prove his good character.

Counsel for the defendant renewed the motion to dismiss the complaint, on the ground that from the evidence it appeared that the defendant had probable cause for preferring the charge. The court denied the motion, and the defendant excepted.

Mr. Justice White thereupon charged the jury, among other things, as follows: "The point for your consideration is, whether the defendant proceeded, in the matter of the prosecution of the plaintiff, in a careful, honest, prudent manner, and without malice. If you think he has done so, and that there

was probable cause for his action in the premises, then he is entitled to a verdict at your hands. If, on the contrary, you find that there was no probable cause for the defendant's supposing that there had been a theft committed, or money embezzled by the plaintiff; if you think it was mere unreasonable suspicion, such as no man of ordinary understanding should have entertained, you are to determine whether there was probable cause for the action of the defendant in the matter complained of, and whether he acted in a malicious, or in a prudent, reasonable, and temperate manner." The defendant excepted to that part of the charge instructing the jury that the jury were to determine, from all the facts in the case, whether there was probable cause or not.

Counsel for the defendant requested the court to charge the jury that the commitment before the magistrate was evidence of probable cause. The court declined so to charge, but did charge the jury as follows: "The commitment is an item of evidence showing probable cause, but is by no means conclusive evidence." To which defendant excepted. The jury thereupon found a verdict for the plaintiff for the sum of six hundred dollars. From the judgment entered upon this verdict the defendant appealed.

*James Eschwege*, for the appellant.—I. The court erred in refusing to dismiss the complaint when the plaintiff rested. 1. The proceedings and depositions before the police magistrates, read in evidence by the plaintiff, and his commitment, are evidence of probable cause. 2. The plaintiff failed to show a want of probable cause. The fact that the grand jury did not return a true bill, is not *prima-facie* evidence of want of probable cause. (Byrne *a.* Moore, 5 *Taunt.*, 187; Freeman *a.* Arkell, 2 *B. & C.*, 494; Vanderbilt *a.* Mathis, 5 *Duer*, 304.) 3. The plaintiff failed to prove malice on the part of the defendant. (Bulkley *a.* Smith, 2 *Ib.*, 261; Vanderbilt *a.* Mathis, 5 *Ib.*, 304.) When, as in this case, upon the plaintiff resting, a verdict in his favor would be against or not sustained by the evidence, a nonsuit should be granted. (Ernst *a.* Hudson River R. R. Co., 24 *How. Pr.*, 97; Wilds *a.* Hudson River R. R. Co., 24 *N. Y.*, 430.)

II. The court erred in refusing to dismiss the complaint after

the parties had rested, the uncontroverted and clearly estab-
lished facts not being sufficient to prove a want of probable
cause. (Besson a. Southard, 10 *N. Y.*, 236; Bulkely a. Smith,
2 *Duer*, 261; Masten a. Deyo, 2 *Wend.*, 426; Burlingame a.
Burlingame, 8 *Cow.*, 141.)

III. The court erred in instructing the jury that "they, the
jury, were to determine from all the facts in the case whether
there was probable cause or not." Probable cause is in all
cases a question of law, in relation to which the judge who tries
the cause is bound to express a positive opinion.. (Bulkely a.
Smith, *supra;* Bulkely a. Keteltas, 6 *N. Y.*, 384.)

IV. The court erred in qualifying the request to charge,
made by the defendant, that the commitment was evidence of
probable cause.

V. The verdict is against the evidence. The jury found that
the charge of embezzlement was made without any probable
cause; the account signed by the plaintiff, his own admission,
and offered on his part, amounts to proof of probable cause.
(Scanlan a. Cowley, 2 *Hilt.*, 489.) The jury, although charged
by the learned court that the plaintiff to recover must establish
malice on the part of the defendant, have, in the absence of all
proof of such malice, found a verdict for the plaintiff. (Bulkely
a. Smith, *supra.*)

*Samuel Hirsch*, for the respondent.—I. The judge on the
trial had passed on the question of "probable cause as matter
of law" in denying the motion of appellant's attorney below for
a nonsuit. 1. When plaintiff rested his case. 2. When all the
testimony on the part of plaintiff and defendant was in. 3. In
his charge to the jury.

II. There was evidence to show the absence of probable cause
for the arrest and imprisonment of plaintiff, and malice in the
preferring and prosecuting of the criminal charges. The plain-
tiff had rendered account of the moneys received and expended
before the imprisonment and alleged malicious prosecution, and
the account is remarkably particular. There was nothing
from which the defendant could have reasonably inferred or
suspected the larceny of the shirts by the plaintiff. The
attempt to impeach the character of plaintiff proves the malice
of defendant.

III. The testimony as to ·the want of probable cause, as well as to the existence thereof, was conflicting, and was a proper element for the consideration of the jury in determining what damages, if any, they should award to plaintiff, and, therefore, properly submitted to the jury, after the judge had passed upon the question of probable cause, as a question of law.

BY THE COURT.*—ROBERTSON, J.—In this action, which is brought for a malicious prosecution, the principal complaint of the action of the court on the trial is, that the evidence not having been sufficient to establish a want of probable cause, it should therefore not have been left to the jury. There was no request made to the court to instruct the jury that any particular state of facts did not or did constitute probable cause in law. It did instruct them that they were to determine from all the facts in the case whether there was probable cause, to which an exception was taken. A request was made to charge the jury that "the commitment was evidence of probable cause," which the court declined to charge in those words, but did instruct the jury that such "commitment was an item of evidence, but by no means conclusive evidence," to which, also, an exception was taken. Neither of these instructions were improper. *Prima facie*, every case tried before a jury, unless otherwise required, is to be determined by them. A court is not bound, without the request of parties, to give any instructions to them; and jurors are presumed to be acquainted with all the rules of law, in regard to which the parties do not request them to be instructed, or the court does not instruct them. Probable cause was an essential issue in this case, the testimony was addressed to the jury, and it was their province to determine from the established facts in the case, in the absence of any instruction to the contrary, whether there was a want of probable cause; clearly, an·instruction to the reverse of such proposition would not have been correct. If the counsel was apprehensive that the jury would understand the court as saying that probable cause was a question of fact and not of law, he should have required the instruction to be made more definite, by calling on the court to pass upon such definition

---

* Present, ROBERTSON, WHITE, and BARBOUR, JJ.

more definitely. (Wyman *a.* Hart, 12 *How. Pr.*, 122; Winchell *a.* Hicks, 18 *N. Y.*, 558; Law *a.* Merrills, 6 *Wend.*, 268.)

The charge that a commitment is not conclusive evidence of probable cause is correct, and does not qualify its being evidence, but merely its weight as such. Conclusive evidence means either a presumption of law, or else evidence so strong as to overbear all other in the case to the contrary. (Aeby *a.* Rapelye, 1 *Hill*, 9.)

The refusal to dismiss the complaint is of course sustained by the other evidence in the case, if it furnished enough to go to the jury upon, and it is wholly immaterial whether at the time of the denial of such motion there was sufficient or not. The right to permit new evidence to be introduced is entirely a matter of discretion with the court before the matter is disposed of and the trial ended.

But the defendant's counsel renewed the motion to dismiss, npon the ground that the facts in the case showed no want of probable cause as matter of law, and therefore there was nothing to submit to the jury.

The allegations in the complaint of a charge by the defendant, before some police-justice in the city of New York, against the plaintiff of a felonious embezzlement of certain moneys belonging to him, and of a felonious larceny of certain shirts, on which a warrant was issued, and the plaintiff detained in custody, is admitted in the answer. It sets up as a defence that he made such charge, believing the plaintiff to be guilty of the offences charged, and not through malice; avers that the plaintiff was in his employ as clerk from January to July, 1860, and received a large sum of money as such, and applied the same to his own use without the defendant's knowledge; that he left the defendant's employ on the 19th of July, 1860, without consulting him, and he did not know of his collecting such moneys until after such departure; also, that the plaintiff received a large quantity of shirts for the defendant from a firm (Strauss & Co.), to be washed, and, after the plaintiff left, a large number of them were missing; and the defendant suspected him of, and therefore charged him with a larceny; also, that he made a full statement of the facts on which the charges were founded to counsel, by whom he was advised that the plaintiff was guilty of such charges, and that they could be

sustained, and thereupon he commenced such proceedings, and employed such counsel to conduct them.

The plaintiff, to establish the want of probable cause, introduced in evidence the depositions of the defendant, taken on the 26th and 30th of July, 1860, and of two other persons, severally purporting to be sworn to before a police-justice of the city of New York, which were admitted without objection. They were proved to have been taken from the files of the clerk of the Court of Sessions; how or by whom placed there did not appear. They did not purport to be examinations of any witnesses on any charge, or that the magistrate before whom they were sworn issued any warrant on which the plaintiff was arrested, or that he detained him for examination or inquiry. They were therefore simply affidavits made by the defendant, containing his version of the plaintiff's conduct.

The first of the three depositions of the defendant states the retention by the plaintiff of the moneys received by him as employee, and collected from customers; and that the defendant received on the previous day, from a friend of the plaintiff, an account of the moneys collected by him, alleged to be, but not annexed to such deposition. It also denies any authority to the plaintiff to collect or receive such moneys, and that whatever moneys he received he was bound to pay over daily to the defendant. It also alleges that the plaintiff had quit his employment, and that a large number of shirts received by him from a customer had disappeared from his place of business, and had not been seen since the plaintiff left his employ. His other affidavits tend to sustain the same state of facts, and speak of certain papers as produced which are not identified or proved in any way. Another affidavit of a customer of the defendant shows the collection of money by the plaintiff from her; and another of the clerk of the firm whose shirts had disappeared, of the number received by him from the plaintiff personally, and delivered by the latter to him, and the quantity unaccounted for. The defendant admits in such affidavit the receipt by him from a Mr. Hahn of the account of moneys collected by the plaintiff, in his writing.

Upon the charge of the embezzlement, the only defect of the testimony would be in some want of authority of the plaintiff to collect the moneys withheld by him (it being proved that he

did withhold them), his right to retain them for his use, or disburse them for the defendant. Except the testimony of Mr. Hahn, there is no evidence in regard to such authority except the plaintiff's and defendant's. He states that the defendant once told him it was the same thing whether he paid his bills to himself or the plaintiff, who was his foreman; and again, that the latter did not come to his place of business because he was sick, and that he would have to give up the business unless he had a man who understood it. This was three or four days after the plaintiff left, and the witness took his account of the money received by him to the defendant to procure a settlement. The testimony of the plaintiff and defendant is conflicting as to the authority of the former to receive and disburse the moneys of the latter. It is true the plaintiff is bound to establish a negative,—viz., want of probable cause,—but slighter evidence may do that than if he had to establish any affirmative. It is true the plaintiff's character for truth and veracity was assailed, but it was sustained by about the same number of witnesses, and his credibility was a proper question for the jury, as well as the relative credit to be given to his own account and the defendant's.

In regard to the charge of larceny, however, it was established that the plaintiff had received the articles, and they were under his charge, and were not produced or accounted for; and, although others had access to the same place of deposit, it was a question who took them—the foreman, who was bound to see to their safe-keeping, or a workwoman under him. The former left without notice or reason apparently, and the other remained. Between the two, the defendant was justified in suspecting the former. In law, therefore, there was probable cause for such accusation, whether the plaintiff was innocent or guilty, and the defendant was not liable for any damages arising from that branch of the charge. (Bulkely *a.* Keteltas, 6 *N. Y.*, 384; 2 *Duer*, 261; Vanderbilt *a.* Mathis, 5 *Ib.*, 304.)

As the court was not asked to charge the jury upon that point, it would not be available upon an exception; but as it was left to the jury, they evidently must have based their estimate of damages upon the ground of the malice of both accusations. Considering the proof of the previous conduct and character of the plaintiff in pecuniary transactions, where he

received money for others, the damage to his character by a charge of embezzlement would be highly overrated by the sum given. Even so far as his character for veracity is concerned, positive testimony, if reliable, would be far more effectual than negative from persons who have heard nothing; the experience of both with public opinion respecting it should be equally great to balance them. But the striking proof of particular transactions shows considerable and frequent disregard as to pecuniary obligations. None of them, however, approach the criminality of stealing, and I cannot but think the greater portion of the damages was given for that charge. The verdict ought, therefore, to be relieved against as excessive.

The order denying a new trial should therefore be reversed, the defendant paying the costs of the trial, of such motion, and the appeal therefrom, unless the plaintiff will elect to reduce his damages to $300, which is nearly $20 a day for his imprisonment, and deduct $15 from the extra allowance made. In which latter case, both the judgment and order denying a new trial to stand. No costs to be allowed on the appeal from the judgment, unless the defendant fail to pay the costs above specified in five days after they are adjusted, in which case, both the judgment and order must be affirmed, with costs.