VAN VOORHES v. LEONARD, appellant.

*Evidence — compounding felony — malicious prosecution — arrest.*

In an action for false imprisonment in procuring the arrest of plaintiff for a felony, *held,* that evidence of a settlement between plaintiff and defendant of the prosecution for the felony, was not admissible.

In a case of malicious prosecution, the question of malice is of fact for the jury, and that of probable cause of law for the court.

It is a sufficient arrest when one being informed by an officer that he has a warrant for him, submits to such officer's control.

THIS is an action for malicious prosecution and for false imprisonment, tried in the Monroe county court, and brought to this court upon an appeal from an order of that court denying a motion for a new trial. The facts of the case are briefly these, as disclosed in the pleadings and proof. The defendant and a brother owned adjoining farms along the dividing lines of which were situate several butternut and walnut trees upon which nuts were growing. From these trees some of the nuts were shaken off and taken away. The defendant, claiming that plaintiff had taken them, made affidavit with his brother stating the loss of walnuts and butternuts from said trees as they believed to be about twenty-five bushels in quantity, and procured from a justice of the peace a warrant for the arrest of the plaintiff for larceny, under the statute, article 5, title 3, chapter 1, part 4 of the Revised Statutes, which makes it a larceny to sever from the soil of another produce growing thereon of the value of more than $25. The plaintiff was arrested under the warrant,

and an examination was had before the magistrate and the plaintiff discharged. It appears that the plaintiff and defendant, while the proceeding was pending before the magistrate, made a settlement and the plaintiff paid the defendant $5, and the latter gave him a receipt in full of all dues, debts, claims and demands, of every name and nature, to date. After the plaintiff was discharged he commenced this action. On the trial considerable testimony and various points and exceptions were taken, and the jury, upon the submission of the facts to them, rendered a verdict for the plaintiff for $175.

*A. J. Wilkin,* for appellant.

*J. & Q. Van Voorhis,* for respondent.

E. D. SMITH, J. The jury having passed upon the facts of the case, the only points presented for review arise upon the exceptions taken to the charge, and during the trial in respect to the reception of evidence.

The first exception presented arises upon the motion of the defendant's counsel to dismiss the complaint, on the ground that it did not appear by the pleadings that the defendant was a resident of the county of Monroe. The court properly allowed the complaint to be amended in this respect, and this objection was thereby obviated.

The objection that the defendant having settled with the plaintiff did not afterward prosecute the complaint before the magistrate, and was not responsible for such prosecution was properly held invalid. The justice had no right to dismiss the complaint upon any such suggestion ; he was bound to see whether any crime had been committed by the plaintiff before he could lawfully discharge him, and he did not err in refusing to consider what the receipt given on such settlement between the plaintiff and defendant covered. They could not lawfully compound a felony, and the magistrate could not recognize a settlement of such an offense plainly charged in the affidavit made by the defendant. The questions as to what took place upon the arrest and before the magistrate, and as to the defendant's acts in respect to the prosecution, and whether his conduct was malicious or not, were all properly submitted to the jury, and the judge did not err in advising them that the question whether there was probable cause for such complaint and prosecution, upon the facts as

they appeared, was a question of law for the court. *Bulkeley* v. *Keteltas*, 6 N. Y. 384.

The charge of the judge was correct, that if the plaintiff submitted to the control of the officer upon being informed by him that he had a warrant for him, it was a sufficient arrest, and, also, that the count for false imprisonment could not be sustained. Upon the whole, I think the case was fairly tried and submitted to the jury upon the law and the facts, and that the order and judgment should be affirmed. *So ordered.*