HEYNE v. BLAIR.

*Malicious prosecution — probable cause — question of law.*

Defendant having discounted for plaintiff two notes of $300 each, both indorsed by A., discovered, on subsequent examination, that the indorsements did not appear to be alike. He thereupon took the notes to the bank where A. did business and was told by the cashier that he doubted the genuineness of one of the notes, the teller also remarking that if such a signature was on a check, he would hesitate about paying it. The cashier was asked

by the defendant to inquire of A., how many notes he had indorsed for plaintiff, which he accordingly did, and was told by A. that he was on two notes only, one of $300 and one of $150. This information was communicated to defendant, who then had plaintiff arrested. The indorsements proved to be genuine. In an action for malicious prosecution, *held*, that defendant had probable cause for causing the arrest. ·

In an action for malicious prosecution, where the facts are undisputed, the question whether there was probable cause for the prosecution is one of law for the court.

EXCEPTIONS ordered to be heard in first instance, at general term. The action was for malicious prosecution in that the defendant, Charles C. Blair, procured the plaintiff, Oscar B. Heyne, to be arrested for forgery January 24, 1873. The case was as follows: the defendant had discounted for plaintiff two notes of $300 each, both indorsed by H. Ackerman. On looking at the notes he saw the indorsements purporting to be by Ackerman were not alike; and then wrote to Ackerman, who was a resident of the same place with plaintiff and defendant, to call. Defendant then took the notes to Ackerman's bank, where the cashier said one of them did not look right, and the teller remarked that if such a signature was on a check, he would hesitate about paying it. Defendant then requested the cashier to ask Ackerman when he came to the bank, how many notes he had indorsed for plaintiff. The cashier did so, and communicated to defendant that Ackerman said he was on only two notes for plaintiff, one of $300 and one of $150. The defendant made some efforts to find Ackerman, but did not see him before taking out the warrant of arrest. These facts being undisputed, the court decided that there was no question for the jury, and directed a verdict for the defendant, plaintiff to have sixty days to make a case and exceptions to be heard in the first instance, at general term, where the plaintiff moves for a new trial.

*C. H. Sedgwick,* for plaintiff.

*Hiscock, Gifford & Doheny,* for defendant.

E. DARWIN SMITH, J. In actions for a malicious prosecution, the question whether there was probable cause for the institution of the suit or prosecution against the plaintiff if the facts are undisputed, is one of law for the court. *Bulkeley* v. *Keteltas,* 6 N. Y. 384; *Miller* v. *Milligan,* 48 Barb. 30.

There seems to have been no particular dispute about the facts at

the circuit, and the testimony was within a narrow compass. It was proper, therefore, for the circuit judge to pass upon the question of probable cause as it lay at the basis of the right of action.

There is not, I think, any reasonable ground to doubt that the defendant, in making the complaint before the justice, acted in good faith in the belief that the charge was true. The only question, therefore, is, whether he had reasonable ground for believing the plaintiff guilty of the charge?

In *Foshay* v. *Ferguson*, 2 Denio, 617, Judge BRONSON said: "However innocent the plaintiff may have been, it is enough for the defendant to show that he had reasonable grounds for believing him guilty at the time the charge was made." This, in substance, is the rule as stated in most of the cases. *Miller* v. *Milligan*, 48 Barb. 30; *Burlingame* v. *Burlingame*, 8 Cow. 142; *Grinnell* v. *Stewart*, 32 Barb. 549.

Had the defendant, within this rule, reasonable ground to believe that the plaintiff was guilty of the charge made against him? On this point we think the circuit judge did not so clearly err that we should be justified in granting a new trial. The defendant doubtless acted with some degree of haste, but he had some ground for suspicion and belief. The signatures of the indorser were unlike. The cashier of the bank where the said indorser did his business, doubted the genuineness of one signature, and said he did not think it was straight, and the teller of the bank said if such a signature was on a check, he would hesitate about paying it; and the cashier also, upon inquiring of Ackerman, the indorser, how many notes he had indorsed for the plaintiff, reported to the defendant that Ackerman said he was on two only, one of $300 and one of $150, and the plaintiff had two $300 notes with Ackerman's apparent indorsement, and on further conversation with Mr. Plumb, the cashier, Plumb repeated to defendant that Ackerman said he was on only one $300 note.

With these facts known or reported to the defendant, we do not think that he acted without any reasonable ground of belief in the truth of the charge. There were circumstances of suspicion about the note which relieve his conduct of the charge that he acted maliciously and without any probable cause.

The motion for a new trial should, therefore, be denied, and the nonsuit affirmed and judgment ordered accordingly.

*Judgment accordingly.*