FRANCIS McKENNA, Plaintiff in Error, *v*. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

Upon the trial of an indictment for murder, where the evidence was conflicting, the court charged : "that the jury, if they believed the evidence offered in behalf of the people to be true, would be justified in finding the prisoner guilty of murder in the second degree." *Held,* error; that the existence of the intent to kill, which is the necessary ingredient of that crime, was a question to be determined by the jury from all the facts and circumstances ; and from the charge as given, nothing being said concerning their duty in this respect, it might well have been understood by the jury as involving an opinion of the court upon this as well as the other elements of the crime; and that it was likely to mislead and prejudice, as it virtually excluded from inquiry the question as to how far the testimony on the part of the prosecution was modified or neutralized by that produced by the defendant, or what inference should be drawn from any of it.

The verdict was manslaughter in the third degree, not "murder in the second degree." *Held,* that this did not conclusively establish that the objectionable charge could have done no harm as that it could not be said the jury were not influenced by it.

*McKenna* v. *People* (18 Hun, 580), reversed; but not on questions there presented.

(Argued April 30, 1880; decided June 8, 1880.)

Error to the General Term of the Supreme Court, in the first judicial department, to review judgment of the Court of General Sessions of the Peace, in and for the city and county of New York, convicting the plaintiff in error of the crime of manslaughter in the third degree. (Mem. of decision below, 18 Hun, 580.)

*Nelson J. Waterbury* for plaintiff in error. The charge of the judge as to murder in the second degree was erroneous. (*Stokes* v. *People,* 53 N. Y. 164.)

*Benj. K. Phelps* for defendant in error. A prisoner cannot avail himself of a ruling of the court and afterward object to it where no exception was taken. (*Slattery* v. *People,* 1 Hun, 311; *Fralich* v. *People,* 65 Barb. 48; *People* v. *Thompson,* 41 N. Y. 6.) Any specific instruction desired must be asked for. (*Parsons* v. *Brown,* 15 Barb. 590; *Haupt* v. *Pohlman,* 16 Abb. Pr. 306; *Kent* v. *Tysen,* 20 N. H. 121; *Warner* v. *Dunnewan,* 23 Ill. 380; *Casky* v. *Haviland,* 13 Ala. 321.)

Danforth, J. The issue in this case turned upon the weight of evidence, which was conflicting; and, although the plaintiff in error was convicted of manslaughter in the third degree only, it is, I think, impossible to say that this result was not, in some measure, brought about by the charge of the learned trial judge, "that the jury, if they believed the evidence offered in behalf of the people to be true, would be justified in finding the prisoner guilty of murder in the second degree." The learned judge properly defined this offense, saying, it "is the

unlawful killing of a human being intentionally, but without deliberation and premeditation."

Whether this intent existed could not be a question of law. It was necessarily to be determined by the jury, from all the facts and circumstances of the case, and if not found, the prisoner could not properly be convicted. Concerning their duty in this respect, the court said nothing. The charge, as given, may well have been understood by the jury as involving an opinion of the court upon this as well as the other elements of the crime. It was at least likely to mislead and prejudice them. Instead of informing the jury what must be established to make out the offense, and leaving it for them to determine whether it had or not been done, the judge says, "enough has been proven, if you believe the witnesses on the part of the people." Their attention is thus directed to evidence of inculpation merely; its weight is stated to them as sufficient in law to sustain a conviction for the graver offense; so that the question of fact to which their minds are turned relates to the credibility of certain witnesses, and not the weight or measure of their testimony, or the existence of the intent. How far that testimony was modified or neutralized, by that produced by the defendant, or what inferences should be drawn from any of it, is virtually excluded from their inquiry. If you believe certain witnesses, says the court, the verdict follows. This was overstepping the province of the judge. Upon the record it cannot be said that such a question was not in the case; but if it was, it was one for the jury and should have been fairly left to them. It is true that the question was not absolutely taken from the jury by the court; this was beyond its power (*People* v. *Howell,* 5 Hun, 620; affirmed, 69 N. Y. 607); but the opinion of the judge, considered as an opinion upon the weight of evidence, was stated much stronger than it ought to have been, and was calculated to make an erroneous impression upon the minds of the jurors, and with that impression, carrying with them into the jury room the weight of the opinion, it cannot be said that the prisoner had, at the outset of their deliberations, an even

chance that the conclusions of the jury would be unbiased. It is said, however, that as the verdict was not "murder in the second degree," but manslaughter in the third degree, the objectionable charge could have done no harm. There is some plausibility in the suggestion, but it is by no means controlling. Can it be said that the jury were not influenced by it, and, knowing the conclusion of the court, did not throw it into the scale, so that it preponderated against the prisoner? I think they would feel relieved, to some extent at least, from the necessity of estimating for themselves the value of such evidence, and therefore that the observation of the judge was not only erroneous, but material. The exception taken thereto must prevail not only upon principle, but upon authority. (*Read* v. *Hurd*, 7 Wend. 409; *Fitzgerald* v. *Alexander*, 19 id. 402; *Bulkeley* v. *Keteltas*, 6 N. Y. 384; *Stokes* v. *People*, 53 N. Y. 164.)

I have examined the other exceptions relied upon by the learned counsel for the plaintiff in error, and conclude that they are not well taken, but on account of the error above discussed, the conviction and judgment should be reversed, and a new trial granted.

All concur, except FOLGER, Ch. J., not voting.

Judgment reversed.