Judgment reversed, new trial granted, and proceedings remitted to Chautauqua county court of sessions, with directions to proceed.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concur.

NOTE.—For a full discussion of the constitutionality of a statute allowing the reading in evidence of testimony previously given at a preliminary examination to be read in evidence against the prisoner, see the points of counsel in *The People* v. *Williams*, 3 N. Y. Crim., 63.

---

## Supreme Court—General Term—First Department.

*December*, 1886.

## PEOPLE v. McINERNEY AND McDONALD.

### APPEAL.—CHARGE.

To justify a reversal by the appellate court under section 527, of the Code of Criminal Procedure on the ground that the verdict was against the weight of evidence, that the conflict of evidence made the case a conflicting or doubtful one; but it must be quite apparent that the verdict was against a substantial and preponderating weight of evidence.

Where it is undisputed that a crime has been committed of which com-
plainant was the victim, a statement by the trial judge in his charge
that the crime was one of the most atrocious known to the law, is not
terror where the judge expresses no opinion upon the guilt of the de-
fendant and leaves all the facts to the jury under proper instructions.

APPEAL by defendants Matthew McInerney and John J.
McDonald, from a judgment of the Court of General Sessions
of the City of New York, convicting defendants of robbery
in the first degree.

The facts appear in the opinions.

*Howe & Hummel*, for defendants, appellants.

*Randolph B. Martine*, district attorney, *DeLancy Nicoll*,
assistant, for the people, respondents.

DAVIS, P. J.—The appellants were convicted of the crime
of robbery in the first degree. The point first presented on
this appeal on their behalf is, that the verdict was against the
weight of evidence and justice requires a new trial. This
Court has authority to review the evidence, and if satisfied
that the verdict against the prisoners " is against the weight
of evidence, or against law, or that justice requires a new
trial, it may order a new trial whether any exception shall
have been taken or not in the Court below." Section 527,
Code of Criminal Procedure. *People* v. *Hovey*, 92 N. Y.,
554 ; 1 N. Y. Crim., 283 ; *People* v. *Boas*, 92 N. Y., 563 ; 1
N. Y. Crim., 287 ; *People* v. *Panniza*, MSS. Op. BRADY, J.

We have given the evidence in this case a careful study,
fully impressed with the obligation imposed upon us by the
section of the Code of Criminal Procedure above cited, and
feel constrained to say that we see no ground upon which our
duty requires us to interfere with the verdict of the jury.
The testimony was to some extent conflicting. That given
by the defendants themselves, if believed by the jury, would
have exculpated them from all charges of crime; while that
on the part of the people strongly tended, if believed by the
jury, to establish their guilt. It is no province of the Court
to say on such a question of conflict that the jury were wrong

in not accepting the evidence of defendants as true and therefore rejecting that given by the people. The Court must not, under the new rule of review given by section 527, above cited, cease to regard the important fact that the jury had the vast advantage of seeing all the witnesses sworn in the case, personally before them, and being able from their appearance, demeanor and manner of testifying to judge of their credibility, and to take those things into consideration in weighing their testimony, instead of the mere stenographic photograph of the words they uttered which is furnished to the Court. It is not enough to justify interference with the verdict that the Court on the case before it can see that the evidence made the case a conflicting or doubtful one, demanding the solution of a verdict to settle the doubt or conflict; but it must be quite apparent that the conflict has been settled by a verdict against the substantial and proponderating weight of evidence. We are not able, therefore, to interfere with the verdict on the first point of the counsel for the appellants.

It was said by BRADY, J., in the *People* v. *Panniza*, (ubi. sup.), that " justice requires a new trial whenever the Court can perceive in reviewing all the evidence, either that a verdict of acquittal should have been rendered or that the jury were led by reason of prejudice into convicting the defendant of a grade of offense altogether unwarranted by the evidence."

In our consideration of the evidence in this case we have not failed to give the appellants the full benefit of this rule.

Their crime of robbery (if committed by them at all) was committed by both acting in concert as accomplices each of the other. It was also committed, if at all, with a degree of personal violence which inflicted grievous bodily harm upon the person from whose possession the property was taken.

If the jury found from the evidence that the crime charged in the indictment was committed by the defendants, they were justified in finding that it was committed with either or both of the attending circumstances which characterize it as rob-

4

bery in the first degree. A finding of the assault with intent to rob, committed by the defendants and consummated by actual robbery, can leave no room to doubt that they acted in concert as accomplices; nor that they inflicted the injuries suffered by the party robbed.

The second and only other point presented is that the recorder erred in charging as follows:

"That such a crime as this could be perpetrated in any civilized community, much less in a great city like this, is a matter of some degree of astonishment. But that a crime was committed, and a crime of the character and description of the one I have just alluded to, there can be no question."

Standing by itself this charge would present a very serious question. But correctly to understand the signification of the charge it must be read in connection with its context.

In commenting upon a crime which had been committed by some one, the recorder said "A citizen quietly, peaceably and properly upon one of the public streets of this city is felled to the ground, and while prostrate assaulted with great brutality by some person or persons; and then follows what is above quoted and excepted, to wit, "That such a crime as this could be perpetrated in any civilized community, much less in a great city like this, is a matter of some degree of astonishment. But that a crime was committed and a crime of the character and description of the one *I have just alluded to*, there can be no question."

Thus reading the part of the charge excepted to with its immediate context, shows that *the crime just alluded to* was the felling to the ground and the assaulting with great brutality, of a citizen quietly, peaceably and properly, upon one of the public streets. That this occurred, was not in dispute. The defendants themselves testified, that they were attracted by the outcries of Schwarzler the complainant, and hurrying to his relief found him felled to the ground by an assault committed by some person, indicating violence and brutality. It was in a public street, where he was standing quietly, peacefully and properly; and the learned recorder committed

no error in speaking of the assault which no one denied had been committed by somebody, as a brutal and alarming crime.

The questions in the case were whether the defendants were the assailants, and whether the intent of the assault was robbery, and whether such robbery was in fact committed. Upon these questions the charge when recited as it appears in the case, to a portion of which the exception was taken, was not injurious to the defendants, nor in excess of legitimate comment by the Court upon undisputed facts of the case.

The result of our consideration is that the conviction and judgment must be affirmed.

BRADY, J., concurs.

DANIELS, J.—Two positions have been taken by the counsel for the appellants in support of this appeal. It is urged that the evidence did not warrant the conviction of the defendants and that the court erred in what was said concerning its effect in submitting the case to the jury. An examination of the testimony given upon the trial fails to sustain the objection taken that it did not justify or warrant the verdict of the jury. For while it is true that the evidence of the prosecuting witness was in some respects open to criticism, it was stil so far sustained as to justify the jury in believing that he testified to the truth. From his own evidence, as well as that of all the other witnesses who saw him, he appears to have been cruelly assaulted and beaten. And this he states was done by these two defendants, and after he was beaten, and before they completed their disposition of him, he testified that he felt a hand in his pocket. He did not, however, according to his evidence, realize that he had been robbed until the following morning, when he found that the silver coin in one of his pockets, concerning the amount of which he may according to other testimony have been mistaken, had been taken from him, and for want of that discovery and the effect which the blows upon his head had upon him, he failed to refer in his complaints in the Police stations to the alleged fact of his robbery. He did, however, on one of these occa-

sions assert that an attempt had been made to rob him, but this was evidently not then regarded as demanding any special consideration, because of the attention deemed to be demanded by the severe bodily injuries which he had sustained. After he discovered in the morning that the silver was gone from his pocket, then he did complain that he had been robbed, and the search which was made of the defendants at one of the stations, disclosed the fact that each of them had silver coin, of the general description of that mentioned by him to have been taken from the complaining witness.

That the defendants were the persons who assaulted the witness was positively stated by him, and other testimony indicating the absence from the locality of any other persons who probably made the assault, immediately after his outcry was made, tended to support the correctness of this statement. The persons, too, by whom he was assaulted, appear to have had no cause of quarrel with him, and could very well have been inferred by the jury to have made the assault as a step in the consummation of the crime of robbery. The defendants denied that they had either assaulted or robbed the complaining witness, but their evidence was contradicted in such a manner as very seriously to reduce its credit. This contradiction included an untruthful statement of the witness McInerney, concerning the number of his badge, and of the defendant McDonald as to the fact of his being a member of the Park police. So it was as to the fact that a light was made when the inspection of this badge took place, and as to the alleged circumstance of the defendants meeting near the hour of five o'clock in the afternoon. As to part of these circumstances there was a plain discrepancy between the evidence of the defendants given upon the trial and that taken upon their examination, and the discrepancy was not explained or removed by anything contained in the testimony of these witnesses. Neither their own evidence, nor that given in proof of their previous good character, deprived the testimony on behalf of the prosecution of so much of its force as rendered it improper for the jury to act upon it and convict the

dcfendants.    The probabilities of the case were strongly
against them and they were not seriously reduced in weight
by the omission of the complaining witness to make the broad
charge contained in the indictment when he was at the sta-
tions to which these persons were taken on the evening of
his assault.

In submitting the case to the jury the recorder presiding
at the trial referred to the fact that a crime had been clearly
shown by the evidence to have been committed, and to the
statement made concerning it an exception on behalf of the
defendants was taken by their counsel.    To present this ex-
ception a part of what was stated to the jury has been sepa-
rated from its context, and from that separation the argument
has been presented in support of this exception.    But by re-
storing what was said previous to the remark excepted to, it
will be seen that the court did not express the opinion that
the defendants were guilty or had committed the crime for
which they had been indicted.    What was said was that one
of the most atrocious crimes known to the law was perpetrated
against the person of the complainant in this case, and it was
that crime alone that was made the subject of this and the
immediately following reference.    And that this witness had
been made the victim of the commission of such a crime was
clearly proved and established not only by the evidence on
the part of the prosecution, but likewise by that given on be-
half of the defense, by the witnesses who observed the ap-
pearance of the complainant.    He was described by a witness
apparently disinterested as " in a terrible condition.    His left
eye was completely closed, his lips were very much lacerated,
and protruded, and as he leaned on the railing in front of the
desk he was constantly spitting blood."    And that this was
no exaggeration of his condition was quite evident from all
the other testimony given upon the trial, and it fully justified
what the court referred to as the fact that he had been most
atrociously beaten.    That it was not intended by what was
said to influence, or control the action of the jury as to the
crime charged in the indictment appears from the resideu of

the charge of the Recorder.   For in that he fully submitted
the case to the jury leaving  the  question of the guilt of the
defendants to be wholly determined by the view they should
take of the evidence, and directing them  in case of a reason-
able doubt that an acquittal should follow,  Upon this special
subject of the opinion as expressed in the charge it was added
that " I have called your attention to some of the prominent
features in this case, not, however, gentlemen, with  any de-
sire on my part to infringe upon  your  duty of passing upon
the evidence, or injecting into the case any opinion whatever
of mine upon the question of the  guilt or  innocence of the
defendants.   The  responsibility rests upon you of determin-
ing all of the questions of fact that have arisen upon the evi-
dence in this case, and if anything which I have said, although
it was without a  desire to  affect your  judgment upon  the
questions of fact, tended to  intimate  any opinion  bearing
upon the guilt or innocence of the defendants, it is your duty
to disregard that opinion, and act upon  your  own  judgment,
uninfluenced by any  opinion of  mine, and to determine  the
question of the guilt or innocence of these  defendants upon
the evidence as you  have heard it," which fully corrected
what had  previously been  stated,  even  if, by an  enlarged
construction, it could be said to include the robbery itself, or
the defendants' guilt.   This case consequently is clearly dis-
tinguished from  *McKenna* v.  *People*, 81 N. Y.  360, and the
authorities referred to in the opinion, and  noted in the brief
of the counsel.   As the case was made to  appear it was
wholly for the jury to determine the question  of the defend-
ant's guilt, and as they  arrived at  the conclusion adversely
to them upon  evidence plainly presenting  this  as a question
of fact, and there was no  error in  the charge, the judgment
should be affirmed.

BRADY J., concurs.