### NIEMANN v. CORDTMEYER et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

WILLS—ACTION TO SET ASIDE—INSTRUCTIONS.

    Where, in an action to set aside a will on the ground of undue influence and lack of testamentary capacity, the evidence was conflicting, it was error for the court to instruct that there was enough to warrant a finding that the will was the product of undue influence or that testator lacked testamentary capacity, and that, while it was competent for the jury to find either way, there was no legal obstacle to their finding that the will was void.

Appeal from Trial Term, Richmond County.

Action by George Joseph Niemann, by Rosina Niemann, his guardian ad litem, against George Cordtmeyer and others to set aside the last will of George Niemann, deceased. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Laurence Arnold Tanzer, for appellants.

Frank Herwig, for respondent.

WOODWARD, J. George Niemann died on the 16th day of June, 1900, leaving a last will and testament, which was duly admitted to probate, and this action is brought by his infant son, through his guardian ad litem, to have said last will and testament set aside upon the grounds of testamentary incompetency and undue influence.

In the charge the court presents with much of force the argument which the plaintiff might very properly address to the jury, and says:

"There is in this case enough to warrant you in finding that this will was the product of undue influence, or in finding that he was incompetent to make a will. It is competent for you to find that, and it is for you to find one way or the other. The court cannot aid you much in reaching a conclusion, but there is no legal obstacle in the way of your finding that this will is void because the man was incompetent to make the will, or because it was the product of undue influence."

The only modification of this charge is found in the explanation of the court in response to an exception suggested by defendants' counsel, where the court says:

"I did not mean to tell them that they should find it void. I meant merely to tell them that there was no legal obstacle in the way of their so finding, if they saw fit."

There is no such strong intimation that the jury has the right to find against the plaintiff, although there was a decided conflict in the evidence as to the facts which were relied upon by the plaintiff as constituting his cause of action; and, as the defendants' counsel suggests, there are few juries with this charge before them who would think it proper to find any other verdict than one for the plaintiff. The portion of the charge which is quoted above is, in effect, a statement to the jury that there is, as a matter of law, sufficient evidence to sustain the plaintiff's case, which is an usurpation of the province of the jury to determine the weight and sufficiency of the evidence. It is true, of course, that the court must always determine whether there is a question to be determined by the jury; it must determine whether there is any evidence in support of the plaintiff's contention. And the fact that the case is submitted to the jury, after the proper motions have been made to raise the question, is a declaration on the part of the court that there is a question of fact to be determined; but to pass upon this point without comment is quite a different thing from charging the jury affirmatively that there is evidence sufficient to warrant them in finding in favor of the plaintiff, which is a very near approach to an instruction to find in that way. This kind of instruction has been very universally and very properly condemned, for the reason that it is the province of the jury to weigh and measure all questions of fact, without that aid from the court which is suggested in the charge now under consideration.

In Read v. Hurd, 7 Wend. 408, the court charged the jury in effect that:

"The said several matters so produced and given in evidence were sufficient to prove an acknowledgment by the said Morris Read of his liability to pay said note."

On appeal the court say:

"But it was a proper question, under all the circumstances of the case, for the jury (Roseboom v. Billington, 17 Johns. 187); and it should have been fairly left to them. Admitting that the question was not absolutely taken from the jury by the court, still their opinion, considered as an opinion upon the weight of evidence, was much stronger than it ought to have been, and was calculated to make an erroneous impression upon the minds of the jurors. The charge therefore was erroneous, and the judgment must be reversed on that ground."

The same doctrine was held in McMorris v. Simpson, 21 Wend. 610, upon the authority already cited, and Fitzgerald v. Alexander, 19 Wend. 402, and in the latter case the judgment was reversed because the court had, in response to a motion for a nonsuit, declaring "the evidence sufficient" to entitle the plaintiff to recover, "and with that direction, left the cause to the jury."

In McKenna v. People, 81 N. Y. 360, the court condemns a charge that "enough has been proven, if you believe the witnesses on the part of the people," citing the authorities already referred to and others. In commenting upon this charge, the court say:

"Their attention is thus directed to evidence of inculpation merely; its weight is stated to them as sufficient in law to sustain a conviction for the graver offense; so that the question of fact to which their minds are turned relates to the credibility of certain witnesses, and not the weight or measure of their testimony, or the existence of the intent. How far that testimony was modified or neutralized by that produced by the defendant, or what inferences should be drawn from any of it, is virtually excluded from their inquiry. If you believe certain witnesses, says the court, the verdict follows. This was overstepping the province of the judge. Upon the record it cannot be said that such a question was not in the case; but, if it was, it was one for the jury, and should have been fairly left to them. It is true that the question was not absolutely taken from the jury by the court; this was beyond its power (Howell v. People, 5 Hun, 620, affirmed 69 N. Y. 607); but the opinion of the judge, considered as an opinion upon the weight of evidence, was stated much stronger than it ought to have been, and was calculated to make an erroneous impression upon the minds of the jurors, and with that impression, carrying with them into the jury room the weight of the opinion, it cannot be said that the prisoner had, at the outset of their deliberations, an even chance that the conclusions of the jury would be unbiased."

See 11 Ency. of Pl. and Pr. 103.

We are of opinion, therefore, that upon reason and authority the judgment in this case cannot stand. The charge in this respect erred, and, as there must be a reversal of the judgment, it does not seem necessary to consider other questions raised, as it is not to be presumed that a new trial will present these questions.

The judgment should be reversed and a new trial granted.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.