THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOL BROFMAN, Appellant.

*Per Curiam:* Although the trial court left the question of felonious intent to the jury, the effect of the charge as given was to advise the jury that criminal intent had been established as a matter of law. This was error requiring reversal and a new trial in this case (*McKenna* v. *People,* 81 N. Y. 360). As was said in *People* v. *Flack* (125 N Y. 324, 334): " However clear the proof may be, or however incontrovertible may seem to the judge to be the inference of a criminal intention, the question of intent can never be ruled as a question of law, but must always be submitted to the jury."

The point is made in the appellant's brief that he would be entitled to an acquittal if the jury found that he mistakenly, but in good faith, believed that he had a right to hold the $625 in question until paid the commissions allegedly owing by his employer (see Penal Law, § 1306).

It is a sufficient answer to this contention that no request for a charge to this effect was made on the trial. For reasons which we deem adequate we find it unnecessary to discuss the question further at this time.

The judgment of conviction should be reversed and a new trial ordered.

Glennon, Dore, Callahan and Van Voorhis, JJ., concur; Peck, P. J., dissents and votes to affirm.

Judgment reversed and a new trial ordered.