■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA SCHWERTFEGER, Appellant.—Judgment unanimously affirmed. Memorandum: We find that the existence of the intent to cause the death of the defendant's parents could be inferred from the totality of his conduct (People v Horton, 18 NY2d 355, 359; McKenna v People, 81 NY 360).

Further, there is no requirement, even under the law of the case under *People v Davis* (49 AD2d 437) prior to its implicit reversal in *People v Patterson*, (39 NY2d 288), that the People present expert testimony to show the absence of the defendant's extreme emotional disturbance *(People v Solari*, 43 AD2d 610, 612, affd 35 NY2d 876; see *People v Patterson, supra*, p 304; *People v Shelton*, 88 Misc 2d 136). From the testimony offered at trial, the defendant's own testimony and confession and the defendant's conduct before and after his shooting his parents, the jury had before it sufficient evidence to be satisfied beyond a reasonable doubt that the defendant was not under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse (Penal Law, § 125.25, subd 1, par [a]). (Appeal from judgment of Oneida County Court—murder, second degree.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.